HAMITER, Justice
(concurring in part and dissenting in part).
*119 I agree that recovery in this cause is to be permitted only pursuant to the provisions of the Louisiana Workmen’s Compensation Law. But I disagree with the conclusion that such law provides no benefits for the specific loss of plaintiff’s unborn child.
The schedule of compensation payments is to be found in Section 1221 of LRS Title 23. Therein, the first three subsections set forth the compensation to be paid for disabilities resulting from injuries. The fourth sub-section, in a number of separate paragraphs ( (a) through (o) ), lists the benefits payable for various specific losses irrespective of the matter of disability. Then follows paragraph (p), in such fourth sub-section, which states: “In [such] cases not falling within any of the provisions already made, where the employee is seriously permanently disfigured about the face or head, or where the usefulness of a physical function is seriously permanently impaired, the court may allow such compensation as is reasonable and as in proportion to the compensation hereinabove specifically provided in the cases of specific disability, not to exceed sixty-five per centum of wages during one hundred weeks.”
By giving LRS 23:1221(4) (p) a liberal interpretation, as must be done, I have reached the conclusion that it was intended to be applicable to all specific losses (from injuries governed by the Workmen’s Compensation Law) not covered by the preceding specific loss provisions, including" that sustained by this plaintiff. In this con-, nection, I construe the clauses: “where the employee is seriously permanently disfigured about the face or head, or where the usefulness of a physical function is seriously permanently impaired,” as being merely illustrative, not exclusive.
Therefore, I am of the opinion that the judgment of the district court should be reinstated and made final.